**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 W. Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

*Additional Attorneys Listed on Signature Page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINT D. BERGESON, individually and on behalf of all others similarly situated, | Case No.: 2:22-cv-1776 |
| Plaintiff, | **[CLASS ACTION]** |
| vs. | **COMPLAINT FOR DAMAGES** |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE GROUP, USAA GENERAL INDEMNITY COMPANY, GARRISON PROPERTY AND CASUALTY INSURANCE, and DOES 1 through 20, inclusive, | 1. **BREACH OF CONTRACT**<br>2. **UNJUST ENRICHMENT / RESTITUTION**<br>3. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200,** *et seq.* |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff CLINT D. BERGESON ("Plaintiff"), on behalf of themselves and all others similarly situated, allege the following against Defendants UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas company, USAA CASUALTY INSURANCE GROUP, a Texas company, USAA GENERAL INDEMNITY COMPANY, a Texas company, and GARRISON PROPERTY AND CASUALTY INSURANCE, a Texas company, and DOES 1 through 20, inclusive (collectively, "Defendants"):

## INTRODUCTION

1. Plaintiff seeks to remedy Defendants' unfair business practice of unjustly profiting from the COVID-19 pandemic by collecting and/or retaining excessive, unfair premiums in violation of California's inherent public policy limiting insurers to a fair rate of return.

2. From beginning in March 2020, California health authorities began to enforce strict social distancing measures in an effort to slow the spread of COVID-19, including the strict shelter-in-place orders that prevented most people from leaving their homes for extended periods of time.

3. Consequently, this greatly affected the activities of automobile insurance policy holders, and the reduced driving resulted in fewer accidents, injuries, and fatalities on public highways and roads. As a result, automobile insurance companies like Defendants have experienced a windfall. Defendants' premiums are based on certain measures of risk such as miles driven and likelihood of accidents – all of which have dropped significantly during the "safer at home" and "shelter-in-place" orders. Therefore, the premiums charged by Defendants while the "safer at home" and "shelter-in-place" orders were in effect were well in excess of a fair rate of return.

4. Despite these circumstances, Defendants have continued to collect excessive premiums from policyholders and have failed to issue appropriate and proportionate refunds. Defendants have withheld their policyholders' excessive and unfair premiums, taking advantage of the reduction in the insured risk to reduce reserves, invest excess funds, and consequently unfairly profit from the misfortunes of

**CLASS ACTION COMPLAINT FOR DAMAGES**

their policyholders.

5. Plaintiff, on behalf of himself and all others similarly situated, seeks to remedy Defendants' violation of the covenant of good faith and fair dealing and their unfair business practices under California's unfair competition law through disgorgement, restitution, and constructive trust as to the excessive, unfair premiums, along with injunctive and other available relief.

## PARTIES, VENUE, AND JURISDICTION

6. Plaintiff CLINT D. BERGESON, at all times relevant to this action, resided in Los Angeles County, California. Plaintiff has held personal auto insurance policies purchased from Defendants during the time period relevant to this lawsuit.

7. The unlawful acts pleaded herein occurred in Los Angeles County, California.

8. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. This Court also has jurisdiction over this litigation pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) as Plaintiff is a resident of California, Defendants are companies with headquarters in San Antonino, Texas, and the amount in damages exceeds $5,000,000.00 as Defendants insure hundreds of thousands of California consumers. Thus, even if each putative class member was damaged by the sum of $10.00, the sum would eclipse the minimum amount in controversy required by CAFA.

9. Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

10. At all times relevant to this action, each of the fictitiously named defendants was an agent, joint venturer, integrated enterprise, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendants, and was acting within the course and scope of such agency or employment.

**CLASS ACTION COMPLAINT FOR DAMAGES**

11. Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiff' injuries as herein alleged.

## FACTUAL ALLEGATIONS

12. As a result of the rampant spread of the SARS-Co-V-2 ("COVID-19") virus, on or around March 19, 2020, California health authorities issued statewide shelter-in-place orders, directing California residents to stay home and avoid public places except for essential activity/services. These orders resulted in millions of California residents not leaving their homes and also working from home.

13. According to the Road Ecology Center at the University of California, Davis, reduced driving resulted in fewer accidents, injuries, and fatalities on California public highways and roads.[1]

14. The report estimated that the shelter-in-place orders reduced injury and fatality collisions by half from early March to Mid-April 2020, and as a result, there were far fewer automobile insurance claims.

15. As a result, on April 13, 2020, the California Insurance Commissioner issued Bulletin 2020-3 ("The Bulletin"), ordering California Private and Commercial automobile insurance companies to make a premium refund within 120 days of the Bulletin to affected California Policyholders.

16. Insurance companies in general have provided varying forms of premium refunds or credits during the COVID-19 pandemic ranging from nothing to upwards of 25%. These refunds and credits are extremely arbitrary and inconsistent in amount and duration. Moreover, these refunds or credits are insufficient to provide fair, actual, or meaningful relief to California policyholders.

---

[1] Fraser Shilling and David Waetjen, *Special Report: Impact of COVID19 Mitigation on Numbers and Costs of California Traffic Crashes*, Road Ecology Center, UC Davis, Apr. 1, 2020 (updated Apr. 15, 2020), https://roadecology.ucdavis.edu/sites/g/files/dgvnsk8611/files/files/COVID_CHIPs_Impacts_report2.pdf.

17. Personal insurance rates are set to cover future expected claims and expenses. Auto insurers, including the Defendants, develop such rates by extrapolating from recent historical experience with premium payments, claims submitted, claim settlement expenses, and non-claim selling and administrative expenses, and then projecting future claims and costs from that data.

18. California has a long-standing general public policy limiting insurance premiums and rates to a fair rate of return on the risk covered by the policy. (See, e.g., 10 Cal. Code Reg. § 2644.16 [rate of return].) The fair rate of return policy limits insurance premiums to an amount: (1) commensurate with returns on investments in other enterprises having corresponding risks; and (2) sufficient to attract capital and maintain credit. Consequently, Defendants may not charge an insurance premium that exceeds a fair rate of return.

19. As a result of COVID-19 restrictions, Defendants' insureds drove significantly less than what was anticipated by Defendants when they developed the premium. And the likelihood of any insured – even one who continued to drive the same amount as the pandemic unfolded – getting into a motor vehicle accident declined because there were fewer vehicles on the road.

20. As a result of COVID-19 restrictions, Defendants have and will incur significantly less expenses in claim payments than what was anticipated when the premium was charged.

21. As a result of COVID-19 restrictions, Defendants have charged and collected a premium that exceeds the fair rate of return to its insureds in the past and into the future.

22. Defendants are aware that they cannot charge premiums in excess of the fair rate of return and have an affirmative duty under law to return any excessive premiums that was collected.

23. Defendants are aware that the premiums charged and collected following the COVID-19 restriction were excessive. In response, in 2020, Defendants provided

three policyholder dividends and two premium credits. The first dividend was 20% of two months of premium for policyholders who had a policy in effect in March, 2020. The second dividend was 20% of two months of premium for policyholders who had a policy in effect in April, 2020. The third dividend was for 10% of two months of premium for all policyholders with a policy in effect during the months of June and July, 2020. The first premium credit was 20% of one month's premium for policyholders who were issued a policy in April or May, 2020. The second premium credit was 10% of one month's premium for policyholders who had a policy in effect in August, 2020.

24. Defendants' above-referenced dividends and credits are inadequate to compensate their customers for the unfair windfall Defendants have gained has a result of COVID-19.

25. Defendants' dividends and credits issued are insufficient considering the actual reduction of driving time, accidents, and claims during the COVID-19 pandemic. Consequently, these premium dividends and credits are inadequate as applied to Plaintiff and those similarly situated because Plaintiff has paid and will continue to pay a premium that exceeds the fair rate of return.

26. In addition, under their insurance policies, including the policies of Plaintiff and the members of the putative Class, Defendants have the discretion to make voluntary downward premium adjustments based on an insured's changed circumstances.

27. Defendants improperly exercised that discretion by failing to issue adequate refunds of the now-excessive premiums during changed circumstances, when they should have instead used its discretion, in good faith, to make appropriate adjustments.

28. Defendants were aware that the shelter-in-place orders, social distancing guidelines, and resulting reduction in driving resulted in premiums that were not based

on an accurate assessment of risk. Yet Defendants continued to collect and retain excessive, unfair premiums from Plaintiff and others similarly situated. #

29. In 1988, California voters approved Proposition 103 to further establish the public policy of the state and to "protect consumers from arbitrary insurance . . . practices, to encourage a competitive insurance marketplace . . . and to ensure that insurance is fair, available, and affordable to all Californians." The people of the state declared with Proposition 103 that "[t]his law shall be liberally construed and applied in order to fully promote its underlying purposes . . . ."

30. Defendants' collection and/or retention of such excessive premiums violates California public policy and contravenes Proposition 103's mandate to protect consumers from arbitrary insurance practices, to encourage a competitive insurance marketplace, and to ensure that insurance is fair, available, and affordable for all Californians.

31. Defendants have retained excessive premiums from Plaintiff and those similarly situated. Upon information and belief, hundreds of thousands of other policyholders in California have been injured by Defendants' policy and practice of failing to provide adequate refunds to policyholders due to the COVID-19 pandemic.

32. Plaintiff and those similarly situated were unable to reasonably avoid these harms because the analysis required to determine premium refunds was within the exclusive knowledge of Defendants.

## CLASS ACTION ALLEGATIONS

33. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings this suit as a class action on behalf of all other similarly situated individuals.

34. *Class Definition:* The proposed class is defined as follows: All California residents who purchased personal automobile insurance from Defendants covering any portion of the time period from March 1, 2020 to the present.

35. *Numerosity:* The proposed Class is sufficiently numerous and dispersed throughout California that joinder of all Class members is impracticable. While the

precise number of Class members has not been determined at this time, upon information and belief, there are hundreds of thousands of individuals in the Class. Class members can be readily identified by, inter alia, records maintained by the Defendants.

36. *Common Questions of Fact and Law:* Common questions of facts and law exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of fact and law that predominate over any individual issues are:

a. Whether Defendants' have a common policy or practice of charging and retaining excess premiums during the COVID-19 pandemic that was "unfair" within the meaning of section 17200 of the Business and Professions Code;

b. Whether Class members lost money or property as a result of Defendants' unfair business practice in violation of section 17200 of the Business and Professions Code;

c. Whether the members of the Class paid excessive premiums to Defendants;

d. Whether Defendants refund program was inadequate in that it failed to properly calculate or recalculate premiums to take into account the substantial reduction in insured activity and Defendants' risk during the COVID-19 pandemic;

e. Whether Defendants violated the covenant of good faith and fair dealing;

f. Whether the members of the Class are entitled to recover the premiums paid in excess of the amounts allowed by California public policy given the reduction of insured activity and/or risk, plus interest;

      g. Whether Defendants should be enjoined from continuing to charge, receive, and retain payment of excess premiums, and if so, the nature, type, and the extent of such injunction;

      h. Whether Defendants should disgorge the profits from their investment of charged and retained excess premiums; and

      i. The appropriate nature of and procedure of providing class-wide relief.

37. *Typicality of Claims:* Plaintiff's claims are typical of the claims of the Class. Plaintiff, like other Class members, have been assessed and/or have paid premiums that exceed the Defendants' fair return for the risk taken. Plaintiff' claims therefore arise from a common course of conduct by Defendants and are based on the same legal theories. Proof of a common or single state of facts will establish the right of each member of the Class to judgment because Defendants' ongoing practice violates California law and public policy, as stated herein, and will be applicable to all members of the Class. Moreover, an injunction proscribing Defendants' practice will benefit all members equally. Upon application by Plaintiff's counsel for certification of the class, as and where necessary as to the following causes of action, the Court may be requested to also incorporate subclasses in the interests of justice and judicial economy.

38. *Adequacy of Representation:* Plaintiff is an aggrieved representative of the Class who will fully and adequately protect the interests of the Class members and have retained experienced and competent class counsel who have familiarity in litigating complex class action lawsuits and claims. Plaintiff has no interest contrary to or in conflict with that of the Class they seek to represent. The interests of the Class will thus be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

39. Class treatment is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class.

**CLASS ACTION COMPLAINT FOR DAMAGES**

40. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the Class is clearly impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individuals claim filings and actions would engender. Furthermore, given that the restitution amount suffered and/or demanded by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. Moreover, individualized claims and litigation would present the potential for inconsistent or contradictory outcomes. The class action device presents fewer management difficulties, requiring only a single adjudication of the complex legal and factual issues in this dispute, thereby providing the benefits of economy of scale and comprehensive supervision by a single court.

41. Plaintiff and Plaintiff's counsel know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. A class action would be superior to other methods for fair and efficient adjudication of this controversy. Accordingly relief concerning Plaintiff's rights and certification of the Class would be appropriate.

42. In the alternative, class treatment is appropriate under Fed. R. Civ. P. 23(c)(4) because this is a case in which class adjudication of particular issues would serve the interests of judicial economy.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT / VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

43. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.#

44. Plaintiff and the members of the putative Class purchased insurance contracts from Defendants and performed their contractual obligations thereunder.

45. Defendants owed Plaintiff and the members of the putative Class a duty of good faith and fair dealing by virtue of their contractual relationship.

46. Under the insurance contracts, Defendants had the discretion to make voluntary downward premium adjustments based on an insured's changed circumstances.

47. Plaintiff and the members of the putative Class had a reasonable expectation that Defendants would exercise this discretion fairly and in good faith, without depriving Plaintiff and the members of the putative Class of their right to have the premiums collected for their insurance coverage based on an accurate assessment of risk and limited to no more than a fair rate of return.

48. Defendants' failure to return sufficient premiums has disappointed the legitimate expectations of Plaintiff and the members of the putative Class of having premiums collected for their insurance coverage based on an accurate assessment of risk and limited to no more than a fair rate of return.

49. Defendants' conduct has thereby deprived Plaintiff and the members of the putative Class of one of the key benefits of their contracts and constitutes a willful violation of the obligation of good faith and fair dealing owed for the purpose of unfairly maximizing revenue from premiums paid by Plaintiff and members of the putative Class.

50. In addition, Defendants gave more weight to their own interests than to the interests of their policyholders. This conduct violated the higher standard of good faith and fair dealing to which insurers are held due to the special relationship existing between insurer and insured, which is characterized by elements of public interest,

adhesion, and fiduciary responsibility.

51. Defendants consciously and deliberately acted with a lack of good faith, despite knowing that their conduct violated the orders of the Department of Insurance, thereby disappointing the reasonable expectations of Plaintiff and the members of the putative Class that premiums collected for their insurance coverage would be limited to no more than a fair rate of return and would be adjusted if they became excessive.

52. Plaintiff and the members of the putative Class have been injured as a direct and proximate result of Defendants' unlawful conduct.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT / RESTITUTION

53. Plaintiff pleads this Count in the alternative to their other Counts herein.

54. Plaintiff and the members of the putative Class purchased automobile insurance from Defendants.

55. Defendants charged an excessive premium following the COVID-19 restrictions.

56. Defendants' program of premium reduction unlawfully deprived and continues to unlawfully deprive their California automobile insurance policyholders of the full and fair COVID-19 related premium relief to which they are entitled.

57. Defendants' program of premium reduction as described above is designed to secure for Defendants, and has secured and will continue to secure for Defendants, an unfair windfall at the expense of Defendants' California automobile insurance policyholders.

58. Defendants' program of premium reduction, as described above, is unlawful.

59. Consequently, Defendants have collected and retained excessive and unfair premiums, and have failed to voluntarily return to the excessive and unfair premiums.

60. Defendants' collection and refusal to refund the excessive, unfair

premiums has unjustly enriched Defendants, and Plaintiff and the members of the putative Class are entitled to restitution of such excessive, unfair premiums and the Defendants' investment returns thereon. Further, Plaintiff and the members of the putative Class request a constructive trust on those excessive, unfair premiums (and Defendants' gains on those funds) and an award of attorneys' fees and costs incurred for this matter.

### THIRD CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, ET. SEQ.

61. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

62. Plaintiff and Defendants are "persons" within the meaning of the UCL. Cal. Bus. & Prof. Code § 17201.

63. The UCL defines unfair competition to include any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

64. By committing the acts and practices alleged herein, Defendants have engaged in unfair business acts and practices in violation of the UCL.

65. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims. Defendants have violated the UCL's proscription against unfair business practices by, among other things: failing to fully refund premiums with full knowledge of the amount and extent of their excess and the fact that they are not based on an accurate assessment of risk, and failing to disclose the fact that it is earning excessive profits, or the amount of those profits.

66. Defendants provided automobile insurance policies to Plaintiff and members of the putative Class, insuring against certain risks, most of which were

related to the use of their respective vehicles. Consistent with California public policy, Defendants initially charged premiums that covered the risk and presumably included a fair rate of return for the risk insured.

67. Beginning in mid-March 2020, California governing authorities issued a series of shelter-in-place orders preventing and/or significantly reducing the ability of Plaintiff and members of the putative Class to leave their homes and use their vehicles. After the shelter-in-place orders, the risk insured by Defendants was substantially reduced. Nevertheless, despite the substantial reduction in the insured risk, Defendants continued to charge and/or did not appropriately refund excess premiums that were calculated based on the pre-pandemic risk assessment. This has resulted in Defendants charging, receiving, and retaining substantial excessive, unfair premiums in violation of California public policy.

68. California has a long-standing public policy limiting an insurer's ability to impose rates in excess of a fair rate of return on the insured risk, reflected in various statutes and regulations. In fact, in some instances, California law requires insurers to periodically show the Commissioner of Insurance that the rates do not exceed a fair rate of return on the insured risk.

69. Defendants' conduct in charging and retaining premiums for a risk that had been substantially reduced, violates this vital public policy and the intent of the statutes and regulations designed to ensure that the rates charged by insurers relate to the risk insured and are limited to a fair rate of return on insuring that risk. A windfall accrues to Defendants in collecting or retaining premiums for a substantially reduced risk. The harm to Plaintiff and the members of the putative Class substantially outweighs any the benefit or utility of Defendants' unfair business practice of collecting and retaining excessive, unfair premiums.

70. Plaintiff and members of the putative Class have no adequate remedy at law.

71. As a result of the Defendants' unfair business practices, Plaintiff and

members of the putative Class have lost money or property and suffered injury in fact. For example, each Plaintiff paid substantial premiums to Defendants based on Plaintiff's Pre-COVID-19 automobile collision claims rates. After the COVID-19 substantial reduction of the insured risks, Defendants continue to hold and charge excessive, unfair premiums rightfully belonging to Plaintiff (and the members of the putative Class).

72. Such conduct was ongoing. The various health orders were reissued and revised. Moreover, the general fear caused by the pandemic has also affected California residents' driving and work habits as employees work from home and consumers choose to forego social activities. Plaintiff and members of the putative Class have been damaged by Defendants' unfair business practices and are entitled to the relief described below, including the adequate refunds of excessive, unfair premiums charged in violation of California public policy.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF request of this Court the following relief individually and on behalf of all others similarly situated in California:

1. An order certifying the proposed Class as a class action pursuant to Fed. R. Civ. P. 23, and appointing Plaintiff and their counsel of record to represent the Class;

2. An order declaring that Defendants violated the legal rights of Plaintiff and Class members, as described herein;

3. An order and judgment that Defendants be preliminarily and permanently enjoined from engaging in the unlawful practices complained of herein;

4. An order and judgment that the Defendants restore to Plaintiff and the Class all funds acquired by means of any act or practice declared by this Court to be unfair under Business and Professions Code section 17200, *et seq.*, under section 17203 of the Business and Professions Code and the equitable powers of this Court, including restitution for unjust enrichment;

5. An order and judgment under the Court's equitable powers for disgorgement, restitution, and a constructive trust for the unearned premiums acquired from Plaintiff and the Class along with Defendants' investment returns on those unearned premiums;

6. An order awarding Plaintiff and the Class attorneys' fees, costs, and expert costs;

7. An order awarding Plaintiff and the Class pre-judgment and post-judgment interest, as allowed by law; and

8. Such other and further legal and equitable relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff demand a trial by jury on all issues so triable.

Dated: March 17, 2022         By: /s/ Asaf Agazanof
                              Asaf Agazanof, Esq.
                              Asaf@Lawasaf.com
                              **ASAF LAW APC**
                              2330 Westwood Blvd., Second Floor
                              Los Angeles, CA 90064
                              Tel: (424) 254-8870
                              Fax: (888) 254-0651

Dated: March 17, 2022         By: /s/G. Thomas Martin, III
                              George Thomas Martin, III,
                              tom@mblawapc.com
                              Nicholas J Bontrager
                              nick@mblawapc.com
                              **MARTIN AND BONTRAGER APC**
                              4605 Lankershim Boulevard, Suite 535
                              Toluca Lake, CA 91602
                              Tel: 323-940-1700
                              Fax: 323-328-8095
                              Attorneys for Plaintiff Clint D. Bergeson,
                              and the putative class

**CLASS ACTION COMPLAINT FOR DAMAGES**